UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOUHAMMAD RAZZAQ, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>MALVA PIZZERIA INC., AGRON MALVATAJ, ANGELO LNU, and MARCO LNU<br><br>Defendants. | Case No.: 1:23-cv-08809 (BMC)<br><br>**AMENDED COMPLAINT** |

Plaintiff MOUHAMMAD RAZZAQ, through his attorneys, FISHER TAUBENFELD LLP, alleges against Defendants MALVA PIZZERIA INC., ("Corporate Defendant"), AGRON MALVATAJ, ANGELO LNU, and MARCO LNU ("Individual Defendants")(the Corporate Defendant and Individual Defendants are collectively "Defendants") as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State and New York City law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3. Upon information and belief, Corporate Defendant is a domestic limited liability company previously organized and existing under the laws of the State of New York.

4. Defendants operate restaurants located at 1806 Church Ave, Brooklyn, NY, 11226, and 427 Kings Highway, Brooklyn, NY 11223.

5. Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

6. Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

7. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

8. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

9. Upon information and belief, Individual Defendants reside in the State of New York and are owners, managers, and/or employees of the Corporate Defendant.

10. Defendants employ cooks, food preparers, delivery drivers, and other employees performing similar duties.

11. Plaintiff has worked consistently at two locations operated by Defendants, which upon information and belief are under shared ownership.

12. Plaintiff on many occasions received instructions from the Individual Defendants to perform deliveries from both locations.

13. Defendants were Plaintiff's joint employers.

14. Individual Defendants are members and, upon information and belief, joint managers and owners of the Corporate Defendant.

15. Individual Defendants each possess the authority to hire and fire employees, supervise their work schedules, set their rates of pay and maintain payroll records.

16. Individual Defendants approve the payroll practices for Corporate Defendant's employees, including Plaintiff.

17. Individual Defendants possess operational control over the Corporate Defendant and its employees through their financial control over the Corporate Defendant.

18. Plaintiff has been employed by Defendants to work as a delivery driver at their restaurants within the last six (6) years.

19. Upon information and belief, Defendants have employed over 40 employees in the course of the past 6 years.

20. Individual Defendants are engaged in business in the City of New York, County of Kings. They are sued individually in their capacity as owners, officers, employees, and/or agents of the Corporate Defendant.

21. Individual Defendants exercise sufficient operational control over the Corporate Defendant's operations to be considered Plaintiff's employers under FLSA and New York State Labor Law ("NYLL").

22. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

## NATURE OF THE ACTION

23. Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto and (b) pursuant to the NYLL (§ 650 *et seq.*) on behalf of himself and other similarly situated employees who were employed by Defendants within three (3) years before the filing of the instant Complaint; and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 146 *et seq.*, on behalf of himself and other similarly situated employees who worked on or after the date that is six (6) years before the filing of the instant Complaint, based upon the following acts and/or omissions which Defendants committed;

   i. Defendants' failure to pay the required federal or state minimum wage;

   ii. Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiff, who worked in excess of forty (40) hours per week;

   iii. Defendants withholding a portion of Plaintiff's tips;

   iv. Defendants' failure to provide Plaintiff with a wage notice and proper paystubs as required by NYLL § 195.

24. Additionally, Plaintiff brings claims regarding Defendants' practice of discrimination in the terms, conditions, and privileges of Plaintiff's employment on the basis of religion and sexual orientation in violation of New York City Human Rights Law, New York City Administrative Code § 8-101 *et seq.* ("NYCHRL").

25. Pursuant to § 8-502(c) of the NYCHRL, within ten days of the filing this Complaint with the Court, Plaintiff will serve a copy of this Complaint on the New York City Commission on Human Rights and on the Corporation Counsel for the City of New York.

26. Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA and NYLL as detailed in this Complaint.

## FACT ALLEGATIONS

### I. Defendants' Wage and Hour Violations.

27. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

28. Defendants maintained a policy and practice to not pay Plaintiff the required minimum wage in accordance with federal and New York State law.

29. Defendants maintained a policy and practice of failing to pay overtime compensation required by federal and New York State law and regulations to Plaintiff, who worked in excess of forty (40) hours per week.

30. Defendants maintained a policy and practice of failing to provide Plaintiff with proper wage notices and paystubs.

**1. Minimum Wage Violations**

31. Plaintiff worked as a delivery driver for Defendants starting in February 2022 until June 2022.

32. For this work, Defendants paid Plaintiff $5.50 an hour.

33. Defendants therefore consistently paid Plaintiff under the New York minimum wage.

**2. Overtime Violations**

34. Throughout his employment, Plaintiff regularly worked 6 days a week.

35. Plaintiff's day off was on Friday, though he also worked occasionally on Fridays.

36. Plaintiff worked 11-12 hours each shift, starting at approximately 10:30 a.m. and working until at least 11:00 p.m.

37. Plaintiff therefore routinely worked more than 60 hours per week.

38. Although Plaintiff regularly worked more than 40 hours each week, Defendants never paid him for his overtime work at an overtime premium of 150% of his regular rate of pay.

39. As such, Defendants violated both the federal Fair Labor Standards Act and the New York Labor Law by failing to pay Plaintiff at the proper rate of time-and-a-half for his overtime hours.

### 3. Misappropriated Tips.

40. Defendants also misappropriated Plaintiff's tips.

41. Although Defendants permitted Plaintiff to keep his cash tips, they retained 50% of his credit card tips, about $30-50 per day.

42. Defendants therefore violated NYLL § 196-d by requiring Plaintiff to share tips with them.

### 4. Notice and Recordkeeping Violations

43. Defendants failed to provide Plaintiff with a wage notice or proper paystubs in compliance with NYLL § 195.

44. Defendants did not provide Plaintiff with a notice specifying his actual hourly rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

45. Defendants also did not provide Plaintiff with a paystub specifying his actual hourly rate of pay, regular and overtime hours he worked, or the other information required under NYLL § 195.

46. Throughout his employment with Defendants, Plaintiff was required to work "off the books" and received payment only in cash.

47. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

II. **Sexual Harassment and Discrimination Against Plaintiff.**

48. Plaintiff is Muslim and heterosexual.

49. At all times during Plaintiff's employment with Defendants, Plaintiff performed his job duties satisfactorily.

50. Plaintiff was supervised by employees of Defendants who he knew as Angelo and Marco. Plaintiff worked with Marco for half of the week, and Angelo for the other half of the week.

51. Upon information and belief, Angelo and Marco were employed in a supervisory or managerial capacity by Defendants.

52. About a week after starting employment, Angelo asked Plaintiff in sum and substance if he "liked it in the behind." When Plaintiff took offense to this remark, Angelo stated that he was "just messing."

53. On or about March 1, 2022, Angelo sent Plaintiff a link by text message that appeared to be to a news story. Upon clicking the link, Plaintiff was directed to an image of a naked man, to which Plaintiff replied "what the F is this?" The following day Angelo asked Plaintiff "did you like that?"

54. On or about April 5, 2022, Plaintiff texted Angelo about what time he was expected to report to work. In response to a typo by Plaintiff asking if he should report to work by "sex" in the morning, Angelo replied "you texting people sex in the morning, I'm not fasting man."

55. In or around April 2022, after being scheduled for a Friday, which Angelo had previously agreed not to schedule Plaintiff for, Plaintiff stated that his religious services were the only time he could interact with other members of his community.

56. Angelo replied, "why don't you pray in the basement, with your asses in the air I could fuck all of you."

57. Later that month Angelo stated "why don't you shave that shit off, you're scaring everybody off" in response to Plaintiff's traditional beard.

58. In or around May 2022, Angelo called Plaintiff to ask if he would be willing to work an unscheduled shift to cover for a sick employee. On the call Angelo asked in sum and substance if Plaintiff was sleeping naked, and that he would come pick Plaintiff up.

59. In or around May 2022, when Plaintiff was scheduled to make a delivery at a gay bar, Angelo stated to Plaintiff "don't wait there because it's a gay bar, they're gonna get you."

60. Marco witnessed many of the inappropriate comments made by Angelo.

61. Marco laughed about Angelo's comments.

62. On a few occasions, Marco would gently push back on Angelo, saying things like "[Plaintiff] is a nice man, let him work." However, to Plaintiff's knowledge, Angelo was never disciplined for his behavior.

63. On or about June 11, 2022, Plaintiff resigned due to the conduct of Angelo.

64. Defendants have discriminated against Plaintiff by subjecting him to a hostile work environment because of his creed, gender, and perceived and actual sexual orientation and have damaged him thereby.

65. Angelo treated Plaintiff worse than similarly situated non-Muslim employees because of his creed, gender, and perceived and actual sexual orientation.

66. Angelo engaged in this conduct purposely and with intent to harm Plaintiff.

67. Defendants intentionally and deliberately discriminated against Plaintiff, leading Plaintiff to the conclusion that he could no longer work for Defendants.

68. No reasonable person in Plaintiff's shoes would be expected to tolerate the conditions to which Plaintiff was subjected by Defendants.

69. Defendants forced Plaintiff to involuntarily resign, thereby constructively discharging Plaintiff in violation of the NYCHRL.

70. Defendants' acts of discrimination were performed with malice, and with callous and reckless indifference to Plaintiff's protected civil rights.

**Collective Action Allegations.**

71. Defendants' violations of the FLSA and NYLL extend beyond the Plaintiff to all other similarly situated employees.

72. Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated current and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

73. Upon information and belief, there are at least 30 current and former cooks, food preparers, delivery drivers, and other employees performing similar duties who have been denied overtime compensation while working for Defendants.

74. At all relevant times, Plaintiff and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay the statutorily required minimum wage for all hours worked, willfully failing and refusing to pay the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek, and willfully failing to keep records required by the FLSA. Plaintiff's claims stated herein are similar to those of other employees.

75. Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

**Class Action Allegations Under Fed. R. Civ. P. 23(b)(3) for Violations of the NYLL.**

76. Plaintiff brings this action collectively on behalf of himself and other similarly situated employees who did not receive compensation required by the NYLL in respect to their work for Defendants and who have worked for the Defendants as cooks, food preparers, delivery drivers, and in other similar positions on or after the date that is six (6) years before the filing of the instant Complaint.

77. Upon information and belief, this class of persons consists of not less than 30 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

78. There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether employment of Plaintiff by Defendants is subject to jurisdiction and wage and overtime requirements of the NYLL.

79. The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Defendants.

80. Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of other members of the class.

81. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

82. Plaintiff brings the second through sixth claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendants as a result of Defendants' violations of NYLL.

## **FIRST CLAIM FOR RELIEF**
**(Overtime Wage Violations under the FLSA against all Defendants)**

83. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

84. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

85. At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

86. Plaintiff seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(Overtime Wage Violations under NYLL against all Defendants)**

87. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

88. New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

89. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff and others similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

90. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(Minimum Wage Violations under FLSA against all Defendants)**

91. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

92. Federal law requires an employer to pay all employees minimum wage, which is set at $7.25 per hour.

93. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff at the required minimum wage rate.

94. Plaintiff seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## **FOURTH CLAIM FOR RELIEF**
**(Minimum Wage Violations under NYLL against all Defendants)**

95. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

96. New York law requires an employer to pay all employees minimum wage, which was set at $15 per hour for all New York City employers employing more than 11 people as of December 31, 2018 and for all employers employing fewer than 10 people as of December 31, 2019.

97. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff at the required minimum wage rate.

98. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (NYLL Failure to Notify against all Defendants)

99. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

100. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff and other similarly situated employees' hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

101. Pursuant to §195(3) of the NYLL, Defendants are obligated to provide Plaintiff and other similarly situated employees with a wage statement, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

102. Defendants failed to provide Plaintiff and other similarly situated employees with a notice or proper paystub in accordance with §195 of the NYLL.

103. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
### (Unlawful Misappropriation of Tips under the NYLL against all Defendants)

104. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

105. NYLL §196-d makes it illegal for an employer to "demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

106. On a regular basis, Defendants retained a portion of the tips that Plaintiff and other similarly situated employees received from Defendants' patrons.

107. As a direct and proximate result of Defendants' unlawful conduct as set forth herein, Plaintiff has sustained damages and seeks recovery of her tips in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**SEVENTH CLAIM FOR RELIEF**
**(NYCHRL Violations for Discrimination and Hostile Work Environment Against all Defendants)**

108. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

109. The NYCHRL makes it unlawful to use a person's religion, gender, or actual or perceived sexual orientation as a basis to "discriminate against such person in compensation or in terms, conditions or privileges of employment."

110. By the acts and practices described above, Defendants discriminated against Plaintiff in terms, conditions or privileges of employment.

111. Defendants knew their actions constituted unlawful discrimination. Thus, Defendants willfully disregarded Plaintiff's statutorily protected rights.

112. Defendants constructively terminated Plaintiff by subjecting him to a hostile work environment which no reasonable person would be expected to tolerate.

15

113. Plaintiff is now suffering mental anguish, pain, suffering and monetary damages as a result of Defendants' discrimination and unlawful harassment under the NYCHRL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Back Pay, Front Pay, and damages for all employment benefits Plaintiff would have received but for the discriminatory and retaliatory acts and practices of Defendants;

E. Compensatory, punitive, mental anguish, pain and suffering damages sustained as a result of Defendants' discriminatory conduct;

F. Plaintiff's costs and reasonable attorneys' fees; and

G. Any relief the Court deems just and proper.

Dated: February 1, 2024
      New York, New York

Respectfully submitted,

_____/s/_____
Michael Taubenfeld
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
ATTORNEYS FOR PLAINTIFF