FISHER | TAUBENFELD LLP

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 384-0258
Writer's email: michael@fishertaubenfeld.com

December 20, 2024

**VIA ECF**
Judge Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Razzaq v. Knapp St. Pizza Ltd. *et al.*
Case No.: 1:23-cv-08809 (BMC)

Dear Judge Cogan:

This firm represents Plaintiff Mouhammad Razzaq ("Plaintiff") in the above-referenced matter against Malva Pizzeria Inc. and Agron Malvataj. We write to request that the Court approve the parties' settlement under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). Attached is the parties' FLSA settlement agreement (**Exhibit 1**).

**1. Background to the Settlement.**

**A. Plaintiff's Wage Claims.**

Plaintiff alleges that defendants employed Plaintiff as a delivery driver from February 2022 until June 2022. According to Plaintiff, throughout his employment, Defendants failed to pay him at the required minimum wage and overtime rate, and also appropriated part of his tips. Plaintiff also asserts that Defendants paid Plaintiff $5.50 an hour, well under the New York State minimum wage. Plaintiff alleges that he regularly worked 6 days a week, for 11-12 hours each shift, starting at approximately 10:30 a.m. and working until at least 11:00 p.m. Plaintiff therefore claims that he routinely worked more than 60 hours per week; however, Defendants never paid him for his overtime work at an overtime premium of 150% of his regular rate of pay. Although Defendants permitted Plaintiff to keep his cash tips, Plaintiff alleges that Defendants retained 50% of his credit card tips, about $30-50 per day.[1]

Plaintiff calculated his minimum wage, overtime, spread-of-hours, and tip misappropriation damages to total $22,681.71, plus the same amount for liquidated damages.

---

[1] Plaintiffs also asserted claims under the New York City Human Rights Law, but the Court dismissed those claims without prejudice. Those claims are not being resolved as part of this settlement.

Defendants strongly dispute Plaintiff's allegations. In particular, Defendants assert that Plaintiff worked fewer hours than he claimed, was paid more per hour, and worked fewer weeks. In addition, Defendants deny that Plaintiff worked at the pizzeria operated by Malva Pizzeria Inc., and instead maintain that he only worked at a pizzeria owned by an entity that was not named as a party, Twin's Pizzeria Inc. (Because Twin's Pizzeria and Malva Pizzeria share common ownership — the individual defendant in this case — their interests in resolving this are identical, and the parties are including Twin's Pizzeria in the settlement and release.)

### 2. The Settlement is Fair and Reasonable.

The parties engaged in discovery and Plaintiff deposed the individual Defendant. The parties then prepared for trial and settled this case on the eve of trial. Subsequently, the parties signed a settlement agreement. Under the agreement, the $24,750 will be paid as follows:

 i. To Plaintiff $15,435.80;
 ii. To Fisher Taubenfeld LLP $9,314.20 in attorneys' fees and costs.

The settlement payment will be made in 5 equal installments, with $4,950 paid on January 2, 2025 with the remainder paid over the 4 months.

In exchange for the $24,750 settlement payment, Plaintiff agrees to a release of his claims against Defendants in this suit, plus additional NYLL 195 claims that the Court dismissed without prejudice for lack of standing.

The terms of the agreement are fair and reasonable. Crucially, Plaintiff's recovery is a fair and reasonable result. Plaintiff's maximum wage recovery without liquidated damages is $22,681.71, and Plaintiff will be recovering $15,435.80, which is approximately 68% of that amount. This amount is therefore reasonable given the risks in this case. Specifically, the parties were about to begin trial where Plaintiff bore the risk of losing or receiving fewer damages. The settlement amount is appropriate.

Further, there are no confidentiality or nondisparagement clauses. Nor is there a general release. Instead, Plaintiff agrees to release only his wage claims in this lawsuit, plus his claims under NYLL 195, which are directly related to Plaintiff's wage claims. Accordingly, the settlement is fair and reasonable.

Finally, my firm's attorneys' fees and costs are fair and reasonable as well. Under the agreement, my firm will receive $9,314.20 in attorneys' fees and costs, which represents one-third of the settlement net of costs. The costs are $1,596.30 and are comprised of $402 for the filing fee, $593 for service costs, and $601.30 for deposition costs. The fees after costs are deducted are $7,717.90, which is one-third of the total net amount. Courts in this Circuit including this Court, regularly approve one-third contingency fees. Suarez v. Gakk Rest. Inc., No. 20-CV-1464 (BMC), 2021 WL 4123055, at *4 (E.D.N.Y. Sept. 9, 2021); See also, Meza v. 317 Amsterdam Corp., No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015); Merino Leon v. Univ 45 Fruit & Vegetable Corp., No. 19-CV-8266 (RA), 2020 WL 1322580, at *2 (S.D.N.Y. Mar. 20, 2020); Almanzar v. Silver Star Properties Corp., No. 23 CIV. 819 (GWG),

2023 WL 6979460, at *3 (S.D.N.Y. Oct. 24, 2023); Carabali v. J. Wasser & Co. et al., No. 23-CV-5740 (AS), 2024 WL 3089982, at *3 (S.D.N.Y. June 21, 2024).

If the Court wishes to engage in a lodestar check, the lodestar is $8,100 (**Exhibit 2**). Of that amount, my fees are $7,800, and Madeline Howard's fees are $300. Plaintiff is therefore requesting a multiplier of .99, which is reasonable considering that the case settled on the eve of trial. Courts have approved lodestars exceeding more than 5 in FLSA cases. See, e.g., Pinzon v. Jony Food Corp., No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) (approving lodestar of 5.23 and citing cases awarding lodestars as high as 6) see also Polanco v. York Food Corp., No. 19-CV-8815 (BCM), 2021 WL 1298975, at *1 n. 1 (S.D.N.Y. Apr. 7, 2021) ("In FLSA cases, when awarding fees based on hours worked, courts in this district will often approve lodestar multipliers between two and four times.")

The hourly rates are reasonable. I am requesting an hourly rate of $500. I am a partner at Fisher Taubenfeld LLP. I was admitted to the Bar of the State of New York in 2008 and since then have practiced labor and employment law, with a strong focus on wage-and-hour law. I have litigated as the primary attorney dozens of FLSA cases and have been designated class counsel in a FLSA case in this District in Gonzalez et al v. Allied Concrete Industries Inc. et al., EDNY Case No.: 2:14-cv-4771 (GRB)(SIL), where I recently won partial summary judgment in the hundreds of thousands of dollars for the class. I have also successfully won appeals in wage-and-hour matters before the Second Circuit and New York courts. Catzin v. Thank You & Good Luck Corp., 899 F.3d 77 (2d Cir. 2018); Hichez v. United Jewish Council of the E. Side, 179 A.D.3d 576, 117 N.Y.S.3d 214 (N.Y. App. Div. 2020). I am a member of the New York chapter of the National Employment Lawyers Association (NELA-NY) and have been invited to give CLEs on the FLSA. I have also been named a "Rising Star" by Super Lawyers. $500 an hour for a named partner in a FLSA case is therefore reasonable. Canales v. Norwich Serv. Station Inc., No. 20-CV-4759(JMW), 2021 WL 5759727, at *5 (E.D.N.Y. Dec. 3, 2021).

The other attorney working on this case from my firm is Madeline Howard. Ms. Howard graduated from CUNY School of Law in summer 2022. She interned in the Labor Bureau of the New York Office of the Attorney General in 2021 and for the Member Legal Services program at AFSCME District Council 37 in 2022. She performed labor and employment-focused clinical work in the Workers' Rights clinic at CUNY Law for two semesters. Ms. Howard is admitted to practice in New York and to practice in this Court. Courts award $150 per hour for new attorneys. Gonzalez v. Scalinatella, Inc., 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015).

The hours expended are appropriate as well. I spent 15.6 hours on this case and Ms. Howard spent 2 hours. The work performed in this case included drafting multiple complaints, responding and drafting motions to compel and to premotion letters, taking the individual Defendant's deposition, attending various conferences, and preparing for trial. The fees are therefore appropriate. Accordingly, the Court should approve Plaintiff's attorneys' fees.

The costs are $1,596.30 and are comprised of $402 for the filing fee, $593 for service costs, and $601.30 for deposition costs. These costs are reasonable, and the Court should approve them.

We greatly appreciate the Court's attention to this matter.

Very truly yours,

---------------/s/-------------

Michael Taubenfeld

Encl.